OPINION of the Court, by
Ch. J. Bibb.
Nathaniel Saunders exhibited his bill for an injunction agiinst pro-ceedings at law uponajudgment obtained by the executors °f Hugh Saunders, claiming by his bill various credits, and, amongst others, a bond executed by the decedent *n hfetime to M’Call, Smilie and company, for £. 23, aud another bond, in like manner executed to George M’Call and company, for £. 59 3s. 5 3-4d. : be also Prayet^ atl Account to be taken of the administration of the decedent’s estate, and to be allowed his distributive share as one of the legatees. The defendants answered, and*after the cause had been set for hearing, it was re-, ferred to auditors to state the accounts, who made a report, which the court below made the basis of their decree > ^ut uPon a hearing in this court, that decree and report were set aside, because the auditors, had exceeded, the powers given to them by the order,
The cause was remanded for farther proceedings, and upon another hearing the court made the same decree, t0 vvhich the executors prosecute this writ of error ; ass*gn'ng f°r cause, that the court should not have allowed either principal or interest of the two bonds above mentioned, or of either, because the complainant had fail-etf-t° shew himself entitled to any part thereof; and That the court erred in allowing interest on the dis-tr'kut've s^are the complainant.
Whatever evidence or advantage might have resulted to the complainant from the report of the auditors, is now cut 0ff i,y tjle former decree of this court upon that . / - ⅜ P°lnt-
The complainant has failed to produce the bonds, or any evidence of his having paid them ; he did not allege ¶ J . . . . ⅜ « ° ! , , . ¶ , ⅛ that the bonds had been assigned to him, nor make them exhibits; he stated that he received them in payment from Henrv Mitchell; but the bill is entirely silent as to Mitchell s authority to pass them away, or as to the manner in which Mitchell came by them. Neither has tj,c coinplainant made the obligees of those bonds pac *559 ties. Under these circumstances, the circuit court erred in allowing the complainant a credit for the amount of those bonds. The executors did not deny the justice of the bond for £. 23 4s. and answered as to that, they supposed the complainant might be entitled to a credit upon producing the bond. The other bond they denied as a credit; setting up as a defence, that their testator had made a settlement with a certain person who called himself the agent of Mitchell, upon which the bond for £. 23 4s. was given in March, 1777, and they believe the other bond claimed as a credit was included. The evidence on <his subject does not come up to the de-fence. It does not appear that the bond of £. 59 3s. 5 3-4d. was included in that settlement; neither does it appear that the said bond was executed previous to that settlement. Moreover, the bond is alleged in the bill to have been given to a firm apparently different from that to which the bond for £. 23 4s. was executed, and the executors have produced no evidence that can consolidate the accounts of those firms. We are therefore inclined to believe that the bond for £.59 3s. 5 3-4d. was not included in the balance struck upon the settlement detailed by the witnesses. The production of these bonds would have thrown additional light upon this subject. Why the complainant did not produce them, is not accounted for ; there is no allegation that they were lost or mislaid ; if the complainant ever had them, they may have been returned and outstanding against the executors ; and the complainant must, for this negligence, or designed omission to exhibit the bonds, or to produce evidence of his having paid them, and account for their absence, be denied a credit for the amount.
But no interefb to be paid by executors to the complainant ora the furplus of hís ihare, because the complainant has been the caufe why diftribution could not; be made.
Decree without prejudice to, bonds fet up by complainant but not produced,
If the judgment at law is bearing interest, it is proper that the distributive share of the complainant should stop interest pro tanto from the time the executors wera bound by their duty and the laws of the land to distribute. How the amount of that distributive share was obtained, or why the interest for three years was allowed thereon, cannot be seen or ascertained, or accounted for by any exhibit or evidence in the cause, unless the circuit cotfA, in contempt of the former decree of this court, pronounced in the year 1800, decreed the report ®f the auditors over again, and without alteration, not *560 withstanding the lapse of nearly four years after the date of that report.
The executors had been guilt)' of no fault or unjust delay in liquidating the amount of the complainant’s distributive share. In fact, they could not make distribution until the fate of the complainant’s claims against the executors upon these bonds was known. His share must have been greater or less, as those bonds should be allowed or rejected. The executors have done no more in this cause than make such defence as appeared conscientious and necessary to secure themselves from being doubiv charged with the bond for £. 23 4s. and interest; and against the claim on the other bond, which they had reasonable grounds for contesting. The complainant, in his bill, set up two other demands, which were ur.conscientious, and therefore disallowed by the former decrees in the court below. He has therefore been the instrument cf preventing the liquidation and payment of his distributive share, and has no claim to interest other than as before expressed.
It is therefore decreed and ordered, that the said decree of the circuit court be reversed, and the cause remanded to the said circuit court, who are hereby directed to cause an account to be taken (before an auditor or auditors to be appointed) of the assets in the hands of the executors, which ought to be distributed amongst the legatees and representatives of the decedent, Hugh Saunders, and of the distributive share of the said complainant ; which being so ascertained, that the complainant have credit for the amount thereof on the judgment at law, according to the time at which it may appear distribution ought to have been made ; provided, however, that the complainant shall give security (if required by the executors) to refund his due proportion cf any debts or demands which may afterwards appear against the estate of the said testator, together with costs attending the recovery of such debts or demands ; and moreover allowing the credit in the former decree on account of Abigal Saunders, (which is not in this court complained of) ; that then, for the balance remaining due on the judgment at law, the injunction be dissolved, with costs of suit — but without prejudice to any claim at law or in equity which the complainant mav have on account of the two bonds in the aforego- *561 with stay of execution upon the instalments, until the times when they respectively become due ; upon a judgment so entered, execution might issue without suing out a scire facias upon each instalment as it became due. But in the present case, the judgment is nót thus entered ; the defendants have proceeded in the original action, as if it had been founded upon a bond conditioned for the performance of collateral covenant or agreement, and the judgment is entered as in such a case, under the act of assembly, it ought to have been ; nor is there any thing in the record to enable the court to decide that it is otherwise, for the bond, though copied by the clerk, is not by oyer or otherwise spread upon the record, so that we can judicially notice it. In the prosecution of a scire facias upon a judgment of this sort, a new assignment of breaches is indispensably necessary: no breaches having been assigned in this case, the judgment is therefore clearly erroneous.
Judgment reversed.